No. 28,639.

MICHAEL GRIER, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MARSHALL, *Appellee.*

(276 Pac. 56.)

Opinion filed April 6, 1929.

*W. W. Redmond* and *P. G. Wadham,* both of Marysville, for the appellant.

*A. D. Keller,* county attorney, for the appellee; *W. J. Gregg,* of Frankfort, of counsel.

The opinion of the court was delivered by

BURCH, J.: The action was one against the county for damages occasioned by the wrecking of plaintiff's autotruck when it went off

the unguarded end of a culvert. A demurrer to plaintiff's petition was sustained, and he appeals.

The petition, which was otherwise sufficient, contained the following account of the accident:

"Plaintiff further says that at the time and place aforesaid, as he approached the place in the highway where said culvert was located and maintained, the steering arm of the said automobile truck suddenly broke, rendering the truck unmanageable, so that plaintiff was not able to control it; that plaintiff immediately decreased the speed of the truck by applying the brakes, and would have been able to pass safely over said culvert but for the absence of the guard rails required to be kept and maintained on each side thereof, he having arrested the motion of said truck to such degree that as the same approached the edge of the culvert its motion had almost ceased, and said truck could and would have been stopped entirely if the guard rail had been maintained as required by law; that upon reaching the edge of the culvert said truck fell into a deep hole with such force as to become completely wrecked, . . ."

The statute reads as follows:

"That it shall be the duty of the county board on all county bridges and culverts, and the township board on all township bridges and culverts, to place and maintain at all times good, solid, substantial guard rails, not less than three (3) feet high on each side of all bridges, culverts, and trestlework." (R. S. 68-1110.)

This statute was interpreted in the case of *Dent v. Jefferson County Comm'rs*, 118 Kan. 519, 235 Pac. 873. The syllabus reads:

"The purpose of the statutory requirement that all bridges shall have guard rails along the sides is not alone to prevent a vehicle from running off, by interposing a barrier sufficient to stop or turn it, but also to help the driver to see the position of the bridge and direct his course accordingly." (¶ 3.)

In the Dent case an automobile missed a bridge and plunged into the bridged ravine. The precise question was whether one purpose of the legislature in requiring guard rails was to disclose location of bridge or culvert in the highway. The court regarded it as obvious that one purpose was to interpose a barrier sufficient to stop or turn the vehicle and prevent it from running off the bridge. This feature of the statute is directly involved in the present action, and the court adheres to the interpretation announced in the Dent case.

Defendant argues that the breaking of the steering gear, on account of which the truck became unmanageable, was the proximate cause of the accident. Normally a vehicle will not be driven near the unguarded edge of a bridge or culvert or come in contact with a guard rail. The statute, however, is based on experience. It con-

templates fortuitous deviation from the middle of the road, and the breaking of plaintiff's steering gear merely brought his truck to the place where it should have encountered a proper guard rail. The initial accident had nearly spent its force. Motion of the truck had almost ceased, and a statutory guard rail would have arrested its progress. Because there was no guard rail the truck was not stopped, and the very harm which a guard rail was designed to prevent resulted. It is not necessary to thread the mazes of the decisions dealing with the subject of proximate cause. In this instance it is plain the dominating cause of the injury, in the legal as well as the physical sense, was absence of a statutory guard rail.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer to the petition.